## GARCIA v. OLIVARES.

### No. 2649.

Court of Civil Appeals of Texas. Beaumont.
Oct. 11, 1934.

Rehearing Denied Oct. 17, 1934.

Lloyd & Lloyd, of Alice, for appellant.
Perkins & Floyd, of Alice, for appellee.

O'QUINN, Justice.

Appellant sued appellee to recover for rent alleged to be due by virtue of a rental contract whereby she leased a store building to appellee for a period of three years beginning August 15, 1930, and ending August 14, 1933. In her petition appellant claimed rent as due from May 15, 1932, up to date of the trial on June 17, 1933. The rent was to be paid monthly.

Appellee answered, admitting the execution of the contract, but, among other defenses, pleaded that he was relieved from performing the contract for the period claimed, by agreement of the parties, that is, that in the month of March, 1932, appellant requested and commanded appellee to vacate the premises, and that he did so and surrendered to her the possession of the premises in accordance with her request.

The case was tried to a jury upon the one special issue, to wit: "Do you believe and find from the evidence that the plaintiff, Pilar Garcia, requested the defendant, Manuel Olivares, to vacate the store building rented by plaintiff to the said defendant?" The jury answered "Yes."

Upon the verdict of the jury, judgment was rendered for appellee. This appeal is from that judgment.

Upon the finding of the jury, the judgment must be affirmed. Where a landlord orders a tenant of rented premises to vacate before the end of the rental period, and the tenant does so in obedience to the request, the lease is terminated, and the landlord's claim for rent after such vacation is without right. Davidson v. Harris (Tex. Civ. App.) 154 S. W. 689; Bost v. McCrea (Tex. Civ. App.) 172 S. W. 561 (writ refused).

But appellant insists that the finding of the jury is not supported by the evidence, and hence the judgment is wrong. This contention is overruled. The finding has support in the record.

The judgment is affirmed.