Henrietta **PATTESON**, Appellant,

v.

Beulah **McGEE**, Appellee.

No. 3634.

Court of Civil Appeals of Texas.

Eastland.

Sept. 29, 1961.

Elbert R. Jandt, Sequin, E. W. Patteson, Gonzales, for appellant.

Denver E. Perkins, Gonzales, for appellee.

COLLINGS, Justice.

Henrietta Patteson brought suit against Beulah McGee to recover damages for the alleged breach of a written lease contract covering real property. Plaintiff alleged damages in the sum of $5,400, the amount of unpaid rent alleged to be due by the terms of the lease. The trial was before the court without a jury and judgment was rendered that plaintiff take nothing. Plaintiff Henrietta Patteson has appealed.

The pleadings and the evidence show that the parties entered into a written contract whereby appellant leased to appellee certain real property upon which was located a two story frame building. The term of the lease was for a period of five years from December 1, 1957, and the rental provided was $150 per month. The only contemplated use of the property was the operation of a nursing home. Appellee Mrs. McGee did operate a nursing home on the premises and paid rent until December, 1959. In March of 1959 and in later communications, the State Department of Health advised appellee, Mrs. McGee, that unless major itemized repairs and improvements were made to the premises her license to operate the nursing home thereon would be revoked, but agreed to let her continue operation until December 9, 1959. Appellant received a copy of the letter from the Health Department to Mrs. McGee and had full knowledge of the requirements therein and of the penalty if not complied with. Appellant did not make the required improvements, but insisted that Mrs. McGee make them. Mrs. McGee refused to do so. Appellant notified Mrs. McGee that her refusal to comply with the law and make the improvements was a breach of the lease contract and that unless the improvements were made appellant would "invoke the foreclosure provisions" of the contract. On December 2, 1959, appellant made written demand of Mrs. McGee for "possession of the premises now illegally occupied by you." Mrs. McGee vacated the premises on December 6, 1959.

One of the stipulations of the contract was that the lessee should "peaceably hold and enjoy the premises without interruption or hinderance". Among the defenses urged by Beulah McGee was that appellant had interfered with the use of the premises and that such interference relieved appellee of her obligations under the lease. Appellee also alleged that she was justified in vacating the premises and refusing to pay further rental because the contemplated use of the premises was prohibited by the State Department of Health, and further that she had at appellant's demand surrendered possession of the premises, that appellant had accepted and thereafter occupied same for her sole benefit.

In several points appellant contends, in effect, that the court erred in holding

Mrs. McGee was relieved of her obligation under the contract to make further rental payments and in rendering judgment to that effect because (1) Mrs. McGee's pleadings that appellant interfered with her use of the premises cannot support the judgment, (2) that the pleadings and evidence concerning a surrender of the lease by Mrs. McGee and an acceptance thereof by appellant effecting a release of Mrs. McGee's obligation to pay further rent cannot support the judgment, and (3) that the promulgation of regulations by the Department of Health placed the burden on appellee as licensee to make the required repairs and additions to the property, and since appellant did not obligate herself under the contract to do so the court erred in entering judgment denying appellant's claim for the full amount of rent provided by the contract. These points are overruled.

Appellee's pleadings in respect to the contention that appellant interfered with appellee's use of the premises fully support the judgment. Appellee alleged that the lessor covenanted and agreed that the lessee, paying the stipulated rent and performing the covenants to be performed on her part, should personally hold and enjoy the said leased premises without hinderance or interruption or interference by lessor, or by any other person or persons whomsoever; that notwithstanding such agreement appellant in December of 1957, began a course of conduct which continued through December of 1959, which conduct and actions on the part of appellant so disturbed, obstructed, hindered, interrupted and interfered with appellee's use of the premises that the premises were rendered uninhabitable; that as a result thereof appellee was constructively evicted from the said premises on or about December 6, 1959, and appellee, because of the uninhabitable condition of the premises, was compelled to and did vacate the premises and returned possession thereof to the plaintiff; during all of the above period of time, appellee paid the stipulated rental and performed all of the covenants to be performed on her part.

The evidence concerning appellant's interference with the use of the premises also supports the judgment. It shows that after Mrs. McGee took possession under the lease appellant came to the premises every day for a period of months; that she pursued a steady course of vexation; that she never asked permission but would go from room to room; that she constantly complained of the state of repair of the building, although it was in substantially the same condition in which appellee received it; that appellant caused her son to write numerous letters to appellee complaining about such matters; that the fire escape on the building was inspected by the fire marshal before appellee received her license to operate the nursing home and at the time she took possession of the premises, but that appellant would notify the officials that the fire escape was in a defective condition and request them to inspect it; that she removed personal property from the premises and that she cut down trees which were useful in shading the property. Mrs. McGee testified that such conduct by appellant interfered greatly with her use of the premises and was one of the compelling reasons for her to move; that appellant also strongly insisted that appellee make the major repairs and improvements to the property required by the State Health Department; that finally appellant accused appellee of illegally occupying the premises and demanded possession; that appellee complied with the demand and did surrender possession to appellant, and appellant willingly accepted possession of the premises.

■ Contrary to appellant's contention, the pleadings and the evidence concerning acceptance of the premises by appellant and the release of appellee from further obligation to pay rental support the judgment. Appellee alleged and the evidence shows that appellant demanded a surrender of possession of the property, that appellee complied with the demand, and that appellant then received and occupied the premises herself and held herself out to the public as operating a nursing home therein.

Garcia v. Olivares, Tex.Civ.App., 74 S.W. 2d 1064 (Writ Dis.), and cases cited therein.

A surrender of the leasehold by a tenant and an acceptance of possession by the landlord ordinarily releases the tenant from liability for rent which would otherwise thereafter accrue. 52 C.J.S. Landlord and Tenant § 493, p. 268. The question of whether there has been such an acceptance by a landlord as to release his tenant from further obligations under the contract involves a determination of the intention of the parties. This may present an issue of fact. If a fact issue concerning the intention of the parties was presented in this case it was determined adversely to appellant in the District Court, and that determination is supported by ample evidence. Appellant not only made demand upon appellee to surrender the premises, asserting that appellee was illegally occupying same, but she also wrote numerous letters to relatives of patients in the nursing home stating her intention to take over the home, remodel the building and operate a nursing home herself. She inserted an announcement in a newspaper indicating such an intention.

By the terms of the rental contract Mrs. McGee, as lessee, obligated herself "to keep such buildings in such repair as same are at the commencement of the term * * * reasonable use and wearing thereof, and damage thereto by fire, storm or other unavoidable casualty excepted * *." The repairs and improvements required by the order of the State Department of Health were not the kind of repairs contemplated by the lease contract. The contract obligated appellee to maintain the building in the same state of repair in which she received it. The only use of the premises contemplated by the lease contract was as a nursing home. Appellee was by the contract obligated to assume the "responsibility for the maintenance" of such nursing home. The order of the State Health Department required major and expensive improvements the nature and extent of which would affect a vital and substantial portion of the premises as a condition to continued operation of the nursing home. Appellee had not obligated herself to make that kind of repairs. She could not continue to operate the nursing home unless the repairs were made. Appellee was justified in refusing to make such repairs. 51 C.J.S. Landlord and Tenant § 368, pp. 1096, 1907. When appellant failed to make the repairs herself and ordered appellee to vacate the premises, and appellee complied with the request she was relieved of her obligation to pay rent for the balance of the term and the court did not err in so holding.

The judgment is affirmed.